# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00166-MR
# CRIMINAL CASE NO. 1:01-cr-00048-MR-DLH-1

| | |
|---|---|
| DENNIS BRASWELL, ) ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's Unopposed Motion to Hold Petitioner's Motion to Vacate in Abeyance [Doc. 8].

On June 14, 2016, the Petitioner filed a Motion to Vacate under 28 U.S.C § 2255 arguing that his career offender sentence violated due process of law under Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015). 2. The Court placed the Petitioner's motion in abeyance pending the outcome of Beckles v. United States, Supreme Court No. 15-8455. In Beckles, the petitioner argued that his career offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2. The Supreme Court decided Beckles on March 6, 2017, and held

that the advisory Guidelines were not subject to vagueness challenges. Beckles v. United States, 137 S. Ct. 886 (March 6, 2017). Beckles, however, did not resolve the question of whether Johnson's constitutional holding applies retroactively to those defendants, like the Petitioner, who were sentenced before United States v. Booker, 543 U.S. 220 (2005), when the Sentencing Guidelines were mandatory rather than advisory. The Petitioner has filed a Supplemental Memorandum asserting that the decision in Beckles has not foreclosed his argument that his mandatory Guidelines sentence is unconstitutional under Johnson.

On May 9, 2017, this Court placed the Petitioner's § 2255 motion in abeyance pending the Fourth Circuit's decision in United States v. Brown, No. 16-7056. In Brown, the defendant argued that his career offender sentence should be vacated under Johnson because he was classified as a career offender when the guidelines were mandatory. On August 21, 2017, the Fourth Circuit held in United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017), that because neither Johnson, nor Beckles, nor any other Supreme Court case has recognized the specific right to relief for individuals sentenced as career offenders under the mandatory guidelines, the Court felt "compelled to affirm the dismissal of Petitioner's motion as untimely

2

under 28 U.S.C. § 2255(f)(3)." The Fourth Circuit denied Brown's petition for rehearing and rehearing en banc on February 26, 2018.

Petitioner's counsel has been informed by Brown's counsel that Brown will be filing a petition for writ of certiorari to the Supreme Court of the United States. Therefore, in the interest of judicial economy, in this case, Petitioner's counsel respectfully requests that this Court hold his Motion to Vacate in abeyance pending the Supreme Court's resolution of <u>Brown</u>. Petitioner's counsel also requests thirty (30) days after a ruling by the Supreme Court in <u>Brown</u> to file a reply. The Government consents to this abeyance request.

For the reasons stated in the Petitioner's motion, and for cause shown,

**IT IS, THEREFORE, ORDERED** that the Petitioner's Unopposed Motion to Hold Petitioner's Motion to Vacate in Abeyance [Doc. 8] is hereby **GRANTED**, and this matter is held in abeyance pending the Supreme Court's decision in <u>United States v. Brown</u>. Petitioner shall have thirty (30) days after a ruling by the Supreme Court in <u>Brown</u> in which to file a Reply.

**IT IS SO ORDERED.**  Signed: March 29, 2018

Martin Reidinger
United States District Judge